

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 10, 1964

Hon. Charles H. Bolton
County Attorney
Bosque County Courthouse
Meridian, Texas

Opinion No. C-239

Re: Whether the defendant in
a misdemeanor case pend-
ing in the county court,
or his counsel, have a
legal right of access to
the names on the list of
prospective jurors sum-
moned in accordance to
the procedure provided
in Article 2117, V.C.S.,
before such jurors
report into court on the
date for which they have
been summoned and related
question.

Dear Mr. Bolton:

You have requested an opinion of this office on Article
2117, Vernon's Civil Statutes, under which Bosque County
selects its jurors. Your questions follow:

"Does the defendant in a misdemeanor case
then pending in the county court, or his counsel,
have a legal right of access to the names on the
list of prospective jurors summoned in accordance
to the procedure provided in Article No. 2117,
V.C.S. before such jurors report into court on
the date for which they have been summoned; and,
does the county judge have the discretion to
legally grant or refuse defendant's request to
obtain knowledge of who has been so summoned
and to make such information available to defend-
ant for the first time when his case has been
called for trial?"

Article 2117, Vernon's Civil Statutes, provides:

"At any time when the Judge of the County
or District Court needs a jury for any particu-
lar week of such Court, he shall notify the
Clerk of such Court to open the next con-
secutive unopened list of jurors in his posses-

-1155-

> sion, and shall direct him as to the date for
> which such jurors shall be summoned.  Such
> notice shall be given to the Clerk within a
> reasonable time prior to the time when such
> jurors are to be summoned.  The Clerk shall
> immediately note on the list the date for which
> the jurors are to be summoned, and deliver
> said list to the sheriff.  On receipt of such
> list, the sheriff shall immediately notify the
> several persons named therein to be in attend-
> ance in Court on the date so designated by
> the Judge."

As you pointed out in your letter of request, this
Article does not provide authority to permit defendant or
his counsel to have knowledge of those selected, nor is there
provision to deny this right, if any he has.

Although there is no provision in Article 2117 cover-
ing the availability of the jury list to the defendant or
his attorney, there is statutory provision for supplying
a jury list to a defendant in a case requiring a special
venire.  This provision is found in Article 600, Vernon's
Code of Criminal Procedure, and is here quoted:

> "The clerk, immediately upon receiving the
> list of names of persons summoned under a special
> venire, shall make a certified copy thereof, and
> issue a writ commanding the sheriff to deliver
> such certified copy to the defendant.  The sheriff
> shall immediately deliver such copy to the defendant,
> and return the writ, indorsing thereon the manner
> and time of its execution."

It is further provided in Article 601, Vernon's Code
of Criminal Procedure, that no defendant in a capital case
shall be brought to trial until he has had one days service
of the copy of the names of persons summoned under a special
venire, except where he waives the right or is on bail.

It is stated in 35 Texas Jurisprudence 2d, page 225,
Section 158 that "at common law one accused even of a
capital offense was not entitled to be furnished with the
names on the panel from which the jury would be drawn."
(Emphasis ours)  Roberts v. State, 30 Tex.Crim. 291, 17
S.W. 450 (1891).  The reason for the service of a copy
of the members of the special venire is to enable the
defendant better to exercise his challenges and the right
is regarded as a valuable one that ought not be denied

except for causes over which the Court has no control.  The right is a statutory privilege.  Article 24, Vernon's Code of Criminal Procedure, provides:

"If this Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern."

This provision certainly implies that in the absence of a statute controlling this situation we should be governed by the provisions of the common law.  In practical usage, however, the custom in most counties is to make the jury list available to any attorney who requests the same on Friday prior to the trial on Monday.  We see no reason to upset this practice especially in view of the fact that abuse of the privilege can be prevented by appropriate actions against the person misusing the list.  The fact that the list is available to the defendant or his attorney does not necessarily constitute a threat of misuse, but in fact is in protection of a party accused of an offense in his right of trial by an impartial jury.

Since it is provided by statute for service of the venire on defendants in certain cases, and there is no provision in Article 2117, Vernon's Civil Statutes, prohibiting knowledge of the array to defendant, we are led to believe it was not meant by the Legislature to prohibit the practice of allowing attorneys to obtain a list of jurors.  Policy in this regard should apply equally to prosecution and to defense counsel.  The custom followed by Texas courts promotes efficient operation.

The method now used in counties throughout Texas is operating in most instances very well.  The abuse pointed out in your letter wherein defendant or his representative contacts jurors ahead of time can be overcome by proper enforcement rather than withholding the list of jurors from the defendant or his attorney.

The following language was first used in Bird v. U.S., 187 U.S. 118 (1902) and was restated by Justice Douglas in U.S. v. Powers, 307 U.S. 214 (1939):

"There is a presumption against a construction which would render a statute ineffective or inefficient or which would cause grave public injuries or even inconvenience."

The judge who hears the case is in charge of management of same.  Therefore, we believe if the judge wishes to follow the custom of making the jury panel list available prior to the time of the trial, he may do so.

## S U M M A R Y

In view of the absence of a statute covering the situation, we do not believe the defendant has an absolute legal right of access to names on the list of prospective jurors summoned in accordance with Article 2117, V.C.S., before their attendance in court on the date designated by the judge.  We do believe the county judge has the discretion to grant defendant's request to obtain knowledge of those who have been summoned as jurors prior to the time the case has been called for trial.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By
SCOTT GARRISON
Assistant Attorney General

SG:cjp

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Grady Chandler
Bob Flowers
Ben Harrison
Lloyd Martin

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone